UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80152-CR-Hurley

UNITED STATES OF AMERICA,

v.

CARLOS RODRIGUEZ-TOVAR,

Defendant.
_____/



FILED by ___ D.C.

FEB 2 5 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# REPORT AND RECOMMENDATION

## I. Background

The Defendant, CARLOS RODRIGUEZ-TOVAR, appeared before the Court on February 25, 2016, for a final hearing on the Petition for Warrant or Summons for Offender under Supervision. Defendant was originally convicted in the Southern District of Florida of illegal re-entry into the United States after being deported, in violation of 8 U.S.C. § 1326(a), (b)(1), a Class C felony. On December 8, 2011, Senior United States District Judge Daniel T.K. Hurley sentenced Defendant to 27 months in prison followed by three years of supervised release. Defendant's term of supervised release began on June 21, 2013.

Defendant is now charged, pursuant to a Petition for Warrant or Summons for Offender under Supervision ("Petition") [DE 27], with the following supervised release violations:

1. **Violation of a Mandatory Condition**, by failing to refrain from a violation of the law. According to the Petition, on or about October 22, 2015, in Palm Beach County, Florida, Defendant committed the offense of simple battery, contrary to Florida State Statute 784.01(1A1); and

1

2. **<u>Violation of a Mandatory Condition</u>**, by failing to refrain from a violation of the law. According to the Petition, on or about October 22, 2015, in Palm Beach County, Florida, Defendant committed the offense of illegal re-entry into the United States after being deported, contrary to 8 U.S.C. § 1326(a), (b)(1).

## II. <u>Summary of Hearing</u>

At the February 25, 2016 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of alcohol or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he admitted allegation #2. He also waived his right to a final revocation hearing as to that allegation. The Court finds that Defendant made this waiver and admission knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admission to allegation #2, the Court finds by a preponderance of the evidence that Defendant committed allegation #2.

At the final revocation hearing, the Government explained that it would not be presenting any evidence as to allegation #1 in the Petition. The Government, therefore, recommended that allegation #1 be dismissed.

## III. <u>Recommendation</u>

For the foregoing reasons, it is respectfully recommended that Senior United States District Judge Daniel T. K. Hurley find that Defendant has violated the terms and conditions of supervised release as alleged in allegation #2 of the Petition. It is further recommended that the matter be set down for sentencing on allegation #2 before Senior United States District Judge Daniel T. K.

Hurley. Finally, it is recommended that the violation alleged in allegation #1 of the Petition be dismissed.

A party shall serve and file written objections, if any, to this Report and Recommendation with Senior United States District Judge Daniel T. K. Hurley, within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C).

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 25th day of February, 2016.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE